**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC, a Delaware limited liability company, DAVID ERTEL, BRIAN BOMSTEIN, ANTONIO CHIAMENI, MICHAEL B. GUSS, ROBERT PONDOLFI, THOMAS CARR, LAWRENCE A. HALPERN, TABAS, FREEDMAN & SOLOFF, P.A., JOEL LLOYD TABAS, GARY M. FREEDMAN, AND STACY F. SOLOFF, | Case Docket No.:  1:16-cv-00723-CRC |
| Plaintiffs, | |
| v. | |
| INTERNATIONAL COURT OF COMMERCE, | |
| Defendant._____/ | |

## PLAINTIFFS' NOTICE OF FILING AMENDED DEFAULT FINAL JUDGEMENT AND RESPONSE TO THE COURT'S INQUIRY REGARDING STANDING

Pursuant to this Court's Order communicated during the September 9, 2016 Court-ordered telephonic status conference, Plaintiffs file a copy of the Amended Default Final Judgment (the "Default Judgment") issued by the Southern District of Florida in *Bayview Loan Servicing, LLC, et al v. Randal Thomas Rosado,* Case No. 16-CV-2138 (the "Florida Action"). Plaintiffs further submit the following response to the Court's inquiry as to whether Plaintiffs have standing to bring the underlying action for a declaratory judgment and injunctive relief against the International Court of Commerce:

## BACKGROUND

On September 8, 2016, this Court issued a Minute Order requiring the parties "to appear by Telephone for a Status Conference on the issue of effectuation of service" on September 9, 2016 at 3:00 p.m. in Chambers.[1] Undersigned counsel appeared on behalf of Plaintiffs.

At that time the Court inquired as to the status of the pending Florida Action against Randal Thomas Rosado, seeking to enjoin him from proceeding with the arbitration filed by him against Plaintiffs with the International Court of Commerce (the "ICOC" or the "Center"). Undersigned counsel advised the Court that on August 29, 2016, the Southern District of Florida issued the Default Judgment following Mr. Rosado's failure to respond to the complaint in the Florida Action. Consequently, the Court ordered undersigned counsel to file a copy of the Default Judgment in order for the Court to determine whether Plaintiffs had standing to pursue their claims for declaratory judgment and injunctive relief against the ICOC.

## THE PLAINTIFFS HAVE STANDING TO PURSUE CLAIMS AGAINST THE ICOC

Federal court jurisprudence establishes that "the irreducible constitutional minimum of standing contains three elements."[2]

> (1) injury in fact, that is, invasion of legally protected interest that is concrete and particularized, as well as actual or imminent, not conjectural or hypothetical; (2) causal relationship between injury and challenged conduct, that is, injury that is fairly traceable to challenged action of defendant, and not result of independent action of some third party not before court; and (3) likelihood, not mere speculation, that injury will be redressed by favorable decision.[3]

As will be more fully set forth below, Plaintiffs have standing to pursue their claims against the ICOC. This is not a situation in which Plaintiffs seek a declaration as to the validity

---

[1] *See* Minute Order, dated September 8, 2016.
[2] *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 562 (1992).
[3] *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville,* 508 U.S. 656, 663–664, (1993).

of a potential, hypothetical arbitral action.  Nor is it a situation in which the arbitral center has been responsive or otherwise demonstrated respect for the rule of law, or even for its own procedural rules.  Rather, a baseless request for arbitration was filed by Mr. Rosado and the ICOC improperly accepted jurisdiction.  That arbitral action remains pending.  The ICOC, which purports to serve "American non-citizen nationals," who by definition do not recognize the authority of the United States federal government, has demonstrated a clear intent to proceed with the sham arbitration, despite its obvious lack of jurisdiction over the parties.  Plaintiffs were forced to retain counsel so as to object to the Center's jurisdiction and to prevent the arbitration from proceeding.  The alleged "injury in fact" to Plaintiffs is thus "concrete and particularized" as well as "actual" and "imminent," and is not "conjectural or hypothetical."[4]

### A. The Harm Flowing to Plaintiffs as a Result of the Pending Arbitration is Actual and Imminent

The Default Judgment issued by the Southern District of Florida is not binding on the ICOC.  It does not prevent the ICOC from going forward with the pending arbitration, nor does it prevent it from issuing an award against Plaintiffs *in absentia* in the amount of $8,730,000, and placing commercial liens over their personal and real property.  Indeed, that arbitration remains pending notwithstanding the Default Judgment issued against Mr. Rosado.

Although the Default Judgment arguably precludes Mr. Rosado from executing any arbitral award issued by the Center, it does not afford Plaintiffs complete relief.  An award issued by the Center still would place a cloud on Plaintiffs' personal and real property, even absent any action by Mr. Rosado to formally confirm the award.

The ICOC has demonstrated a clear intent to proceed with the sham arbitration. Following its improper acceptance of jurisdiction over the sham arbitration, absent the requisite,

---

[4] *Lujan,* 504 U.S. at 562; *Ne. Fla. Chapter of Associated Gen. Contractors of Am.,* 508 U.S. at 663–664.

binding arbitration agreement between the parties, the ICOC failed to respond to Plaintiffs' timely motion objecting to the Center's jurisdiction filed in accordance with the Center's procedural rules.[5] Additionally, it failed to respond to *any* of undersigned counsel's subsequent five telephone messages and three online written messages also objecting to the Center's jurisdiction.[6]

Quite significantly, while the Center refused to acknowledge *any* of Plaintiffs' objections, it did not remain silent. Rather, in response to Plaintiffs' jurisdictional objections, it sought the intervention of the so-called "American Consulate" in New York (an apparently related institution which like the ICOC purports to serve "American non-citizen nationals"), mischaracterizing the jurisdictional objections as direct threats upon the Center, and violations of criminal and human rights laws, and threatening claims against Plaintiffs' counsel.[7] Although the Center has taken overt action against Plaintiffs and their counsel in concert with the "American Consulate," the Center continues (i) to conceal its whereabouts, using only a private mailbox and listing no directors or other responsible individuals, and (ii) to evade service of process. Indeed, the Center's website, which served as its sole footprint, was recently disabled. Thus, the Center, intentionally operating in the shadows, has shown intent to proceed with the arbitration and issue an award against Plaintiffs that would place a cloud over their property, even absent Mr. Rosado's formal confirmation of the award. The recently issued Default Judgment will not guard against this actual and imminent threat. Only an Order issued by *this* Court can prevent further injury to Plaintiffs.

---

[5] [D.E. 1].
[6] *Id.*
[7] [D.E. 1-9].

### B. The Additional Elements for Standing are also Satisfied

For these same reasons, any causal relationship between the injury that already has been caused to Plaintiffs and will continue to be caused by the Center's issuance of an award is traceable directly to the ICOC.[8]  This injury cannot be redressed by the existing Default Judgment.[9]  Rather, it can only be redressed by a declaratory judgment and injunction issued by this Court against the ICOC.

### CONCLUSION

Accordingly, for the reasons stated herein, Plaintiffs have standing to pursue their claims against the ICOC.  Without a remedy directly against the ICOC, there is no assurance that it will cease its activity against Plaintiffs, even in the wake of the Southern District of Florida's recent Default Judgment.  Dismissal of this case would leave Plaintiffs with no legal remedy against the ICOC, and no ability to stop it from proceeding with the sham arbitration, and issuing a purported award against Plaintiffs and placing a cloud over their property.

Dated:  September 12, 2016

---

[8] *Lujan,* 504 U.S. at 562; *Ne. Fla. Chapter of Associated Gen. Contractors of Am.,* 508 U.S. at 663–664.
[9] *Id.*

Respectfully submitted,

                        **BRYAN CAVE LLP**

By: /s/ Tania Cruz
**Alec W. Farr**
D.C. Bar No. 440046
BRYAN CAVE LLP
1155 F Street, NW
Washington, DC 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200
**Pedro J. Martinez-Fraga**
DC Bar No. 426309
pedro.martinezfraga@bryancave.com
**Tania Cruz**
Florida Bar No. 899151
*Admitted Pro Hac Vice*
tania.cruz@bryancave.com
200 S Biscayne Blvd. Suite 400
Miami, FL 33131-2302
Telephone: (786) 322-7375
Fax: (786) 322-7475

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing motion was served upon the International Court of Commerce by mailing a copy to the address listed on the center's website at 1300 Pennsylvania Avenue NW #190-324, Washington, DC 20004 on this 12th day of September, 2016.

/s/ Tania Cruz
**Tania Cruz** (Fla. Bar No. 899151)